IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO.  2:21-cv-1414 |
| | ) |
| RGS FINANCIAL, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Justin Roberts, through his attorneys, alleges the following against Defendant RGS Financial, Inc. ("RGS"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls and restricts the use of automatic dialers and prerecorded or artificial voice messages.

2. Counts II, III, and IV of Plaintiff's Complaint are based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*., the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. §2270.1 *et seq*., and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-1 *et seq*. These laws prohibit debt collectors from engaging in abusive, deceptive, or unfair practices in connection to the collection of consumer debts.

3. Count V of Plaintiff's Complaint is based upon the tort of Intrusion Upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B states that liability

may be imposed for an intentional intrusion, "physical[] or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. §227, 15 U.S.C. §1692, 28 U.S.C. §§1331, 1332 and 1367.

5. Federal question jurisdiction exists because RGS's conduct violates Plaintiff's rights under the TCPA and FDCPA, federal statutes.

6. Jurisdiction of this court also arises under 28 U.S.C. §1332 because (1) the matter in controversy exceeds the sum or value of $75,000.00 and (2) Plaintiff and RGS are citizens of different States.

7. Supplemental jurisdiction exists because the FCEUA, the UTPCPL and the Invasion of Privacy claims arise from the same transaction or occurrence as the TCPA and FDCPA claims and are so related as to become part of the same case and controversy as the TCPA and FDCPA claims.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District. Because RGS's conduct was aimed at, the effects of its conduct were suffered in, and it transacts business in this District, personal jurisdiction is established.

## PARTIES

9. Plaintiff is a natural person residing in Aliquippa, Beaver County, Pennsylvania.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) and 73 Pa. Stat. § 2270.3.

11. RGS is a Texas corporation and its principal place of business is located at 1700 Jay Ell Dr., Suite 200, Richardson, TX 75081.

12. RGS is registered to conduct business in Pennsylvania.

13. RGS can be served through its registered agent Malone Akerly Martin PLLC located at 8750 N. Central Expressway, Suite 1850, Dallas, TX 75231.

14. RGS regularly collects or attempts to collect debts owed or due another. Accordingly, RGS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

15. RGS, within Pennsylvania, acts on behalf of creditors, engaging or aiding directly or indirectly in collecting a debt owed or alleged to be owed a creditor or assignee of a creditor. Accordingly, RGS is a "debt collector" as defined by 73 Pa. Stat. §2270.3.

## FACTUAL ALLEGATIONS

16. At all relevant times, RGS was attempting to collect a debt from Plaintiff that arose out of transactions in which the money, property, insurance, or services which were the subjects of the transactions were primarily for personal, family, or household purposes.

17. On or about June 4, 2020, RGS mailed Plaintiff an initial letter attempting to collect a debt.

18. On or about June 12, 2020, Plaintiff sent RGS a debt validation request.

19. Plaintiff's debt validation letter further stated: "Also accept this as a formal notice to [no] longer contact me via telephone. You may contact me via mail only. If I receive any telephone calls from your company, I will consider them as harassment."

20. Upon information and belief, RGS never responded to Plaintiff's debt validation request.

21. Despite RGS's failure to respond to Plaintiff's debt validation request and being on

specific, written notice that RGS should not call Plaintiff, RGS began calling Plaintiff's cell phone ending in 9300 to collect on the alleged debt.

22. The calls originated from the phone number (814) 708-7698; this number is owned or operated by RGS.

23. Between September 24, 2020 and April 29, 2021, RGS called Plaintiff's cell phone no less than **ONE HUNDRED THIRTY-FIVE (135) times** *after* Plaintiff had sent RGS a debt validation request expressly instructing RGS not to call him.

24. RGS called Plaintiff almost every day, including weekends.

25. RGS called Plaintiff at all times during the day.

26. RGS regularly called Plaintiff multiple times in a day, up to three times in a single day.

27. Upon information and belief, RGS called and texted or attempted to call and text Plaintiff's friends and family with the intention that they would communicate to Plaintiff that RGS was attempting to collect a debt owed by Plaintiff, causing him additional embarrassment and distress.

28. Upon information and belief, RGS called Plaintiff and delivered prerecorded or artificial voice messages.

29. Upon information and belief, RGS's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

30. Upon information and belief, RGS's equipment "use[s] a random generator to determine the order in which to pick phone numbers from a preproduced list" and "then store[s] those numbers to be dialed at a later time." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1172 n.7 (2021).

31. Upon information and belief, RGS's equipment used to call Plaintiff has the capacity to store a telephone number using a random or sequential number generator.

32. Upon information and belief, RGS's equipment used to call Plaintiff has the capacity to produce a telephone number using a random or sequential number generator.

33. RGS's conduct was not only knowing and willful but was done with the intention of causing Plaintiff such distress so as to coerce him into paying the disputed debt.

34. RGS's conduct could reasonably be expected to threaten or harass Plaintiff and exceeded reasonable collection efforts, especially considering that RGS had failed to respond to Plaintiff's debt validation request.

35. RGS's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person. RGS intruded upon Plaintiff's seclusion by placing over 135 telephone calls made to his cellular telephone, even after Plaintiff had sent RGS a debt validation request and RGS failed to validate the debt, and Plaintiff had warned that calls would be considered harassment.

36. RGS is familiar with the TCPA, FDCPA, FCEUA, and UTPCPL.

37. Due to RGS's actions, Plaintiff has suffered from emotional distress including but not limited to emotional and mental pain, anguish, stress, anxiety, headaches, humiliation, embarrassment, annoyance, and difficulty sleeping.

38. Each call also caused Plaintiff distraction, temporary loss of use of his cellular telephone, depletion of his cell phone battery and waste of his voicemailbox space.

39. RGS conduct has caused Plaintiff considerable frustration at trying to stop the harassment RGS was subjecting Plaintiff to, which required Plaintiff to spend considerable time and resources.

//

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. RGS violated the TCPA. RGS's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, RGS violated 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

   b. Within four years prior to the filing of this action, on multiple occasions, RGS violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party[.]"

   c. Within four years prior to the filing of this action, on multiple occasions, RGS willfully and/or knowingly contacted Plaintiff at Justin's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, RGS knowing and/or willfully violated the TCPA.

42. As a result of RGS's violations of 47 U.S.C. §227, Plaintiff is entitled to declaratory

judgment that RGS's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every negligent violation, pursuant to §227(b)(3)(B). If the Court finds that RGS knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to §227(b)(3)(B), (C).

## COUNT II

### Violations of the FDCPA, 15 U.S.C. §1692

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. RGS violated the FDCPA. RGS's violations include, but are not limited to the following:

   a. Communicating with Plaintiff at an unusual time, place, or manner known to be inconvenient to him. 15 U.S.C. §1692c(a)(1).

   b. Engaging in any conduct the natural consequence of is to harass, oppress, or abuse Plaintiff or any person in connection with the collection of a debt. §1692d.

   c. Causing a phone to ring or engaging a person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass. §1692d(5).

   d. Using false, deceptive, or misleading means in connection with the collection of any debt. §1692e.

   e. Using unfair or unconscionable means to collect or attempt to collect any debt. §1692f.

   f. Collecting on Plaintiff's debt, after being notified in writing that the debt was disputed, without mailing Plaintiff verification of the debt. §1692g(b).

45. The FDCPA provides a consumer with a private right of action against a debt collector for both actual, statutory and punitive damages and allows the consumer to recover his reasonable attorneys' fees and costs. §1692k(a).

### COUNT III

**Violations of the FCEUA, 73 P.S. §2270.1 *et seq.***

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. RGS violated the FCEUA. RGS's violations include, but are not limited to:

   a. Communicating with Plaintiff in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff. 73 P.S. §2270.4(b)(2)(i).

   b. Engaging in any conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt, especially causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass Plaintiff at the called number. §2270.4(b)(4)(v).

48. RGS further violated the FCEUA through its violations of the FDCPA. Violations of the FDCPA constitute unfair or deceptive debt collection acts or practices under the FCEUA. §2270.4(a).

49. RGS's violations include, but are not limited to the following:

   c. Communicating with Plaintiff at an unusual time, place, or manner known to be inconvenient to him. 15 U.S.C. §1692c(a)(1).

   d. Engaging in any conduct the natural consequence of is to harass, oppress, or abuse

    Plaintiff or any person in connection with the collection of a debt. §1692d.

e. Causing a phone to ring or engaging a person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass. §1692d(5).

f. Using false, deceptive, or misleading means in connection with the collection of any debt. §1692e.

g. Using unfair or unconscionable means to collect or attempt to collect any debt. §1692f.

h. Collecting on Plaintiff's debt, after being notified in writing that the debt was disputed, without mailing Plaintiff verification of the debt. §1692g(b).

## COUNT IV

### Violations of the UTPCPL, 73 P.S. §201-1 *et seq*.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. RGS violated the UTPCPL. RGS's violations include, but are not limited to:

    a. Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding. 73 P.S. §201-2(4)(xxi).

52. RGS further violated the UTPCPL through its violations of the FCEUA. Specifically, any unfair or deceptive debt collection act or practice under the FCEUA constitutes a violation of the UTPCPL. 73 P.S. §2270.5; 73 P.S. §201-9.2.

53. RGS's violations include, but are not limited to the following:

    b. Communicating with Plaintiff at an unusual time, place, or manner known to be inconvenient to him. 15 U.S.C. §1692c(a)(1).

    c. Engaging in any conduct the natural consequence of is to harass, oppress, or abuse

    Plaintiff or any person in connection with the collection of a debt. §1692d.

d. Causing a phone to ring or engaging a person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass. §1692d(5).

e. Using false, deceptive, or misleading means in connection with the collection of any debt. §1692e.

f. Using unfair or unconscionable means to collect or attempt to collect any debt. §1692f.

g. Collecting on Plaintiff's debt, after being notified in writing that the debt was disputed, without mailing Plaintiff verification of the debt. §1692g(b).

54. The UTPCPL provides the consumer with a right to recover actual, statutory and punitive damages and allows the consumer to recover his reasonable attorneys' fees and costs. §201-9.2.

## COUNT V

### Invasion of Privacy- Intrusion Upon Seclusion

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. RGS intruded upon Plaintiff's seclusion. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

57. RGS intruded upon Plaintiff's seclusion. RGS's violations include, but are not limited to, the following:

a. RGS intentionally intruded, physically or otherwise, upon Plaintiff's solitude and

    seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff's express instruction that RGS do not call him and those calls would be considered harassment.

    b. RGS intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite failing to respond to Plaintiff's debt validation request.

    c. The number and frequency of the telephone calls to Plaintiff's cell phone after a written request to cease calls constitute an intrusion on Plaintiff's privacy and solitude.

    d. RGS's conduct would be highly offensive to a reasonable person as Plaintiff received almost daily calls, including on the weekends, and multiple calls a day shortly after he sent RGS a debt validation request and RGS failed to respond.

58. RGS's acts, as described above, were done intentionally with the purpose of abusing and harassing Plaintiff to pay the alleged debt, or to pay more than Plaintiff would otherwise.

59. RGS's conduct constitutes abuse and harassment and exceeded reasonable collection efforts.

60. As a result of RGS's intrusion upon Plaintiff's seclusion, RGS is liable to Plaintiff for actual damages. If the Court finds that the conduct is egregious, Plaintiff may recover punitive damages.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Justin Roberts respectfully requests an award against Defendant RGS Financial, Inc. for the following:

A. Declaratory judgment that RGS violated the TCPA, the FDCPA, the FCEUA and the UTPCPL;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D. Actual damages pursuant to 15 U.S.C. §1692k;

E. Statutory damages pursuant to 15 U.S.C. §1692k;

F. Attorneys' fees and costs pursuant to 15 U.S.C. §1692k;

G. Actual damages pursuant to 73 P.S. §201-9.2;

H. Statutory damages pursuant to 73 P.S. §201-9.2;

I. Attorneys' fees and costs pursuant to 73 P.S. §201-9.2;

J. Actual damages for RGS's intrusion upon Plaintiff's seclusion;

K. Punitive damages for RGS's intrusion upon Plaintiff's seclusion;

L. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

M. Any other relief that the Court deems appropriate.

//

//

//

Respectfully submitted,

<u>s/Alla Gulchina, Esq.</u>
Alla Gulchina, Esq.
Pennsylvania State Bar No. 307014
Price Law Group, APC
86 Hudson Street
Hoboken, NJ 07030
T: (818) 600-5566
F: (818) 600-5466
Alla@pricelawgroup.com